09-4392-cr
USA v. Acevedo-Colon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand eleven.

Present:    ROBERT A. KATZMANN,
            DENNY CHIN,
                        *Circuit Judges*,
            JOHN GLEESON,
                        *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                - v. -                              No. 09-4392-cr

CELSO ACEVEDO-COLON,

                        *Defendant-Appellant.*[**]

_____

For Defendant-Appellant:        JEANNETTE WEISS (Raymond S. Sussman, *on the brief*), Law Office of Raymond S. Sussman, Brooklyn, N.Y.

_____

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

For Appellee:                                    WILLIAM J. HARRINGTON, Assistant United
                                                 States Attorney (Katherine Polk Failla,
                                                 Assistant United States Attorney, *on the brief*),
                                                 *for* Preet Bharara, United States Attorney for the
                                                 Southern District of New York, New York,
                                                 N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Batts, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-Appellant Celso Acevedo-Colon appeals from a judgment of conviction,

entered on September 21, 2009, in the United States District Court for the Southern District of

New York (Batts, *J.*), following a guilty plea for robbery and conspiracy to commit robbery in

violation of the Hobbs Act, 18 U.S.C. § 1951, and discharge of a firearm in furtherance of the

robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (hereinafter "Restaurant Robbery

Indictment"), and for conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C.

§ 1951(a), and conspiracy to distribute five kilograms or more of cocaine, in violation of 21

U.S.C. §§ 812, 841(a), 841(b)(1)(A) and 846 (hereinafter "Cocaine Robbery Indictment").[1]  We

assume the parties' familiarity with the facts and procedural history of the case.

        On February 16, 2007, Acevedo-Colon pleaded guilty to both the Restaurant Robbery

and Cocaine Robbery Indictments.  On appeal, the defendant argues that his sentence should be

vacated and the case remanded for resentencing in light of this Court's intervening decision in

---

[1] The defendant was identified as "Confesor Liriano" in the Restaurant Robbery
Indictment, and as "Celso Acevedo-Colon" in the Cocaine Robbery Indictment.  Since the
defendant challenges the interstate commerce element of the Hobbs Act count charged in the
Cocaine Robbery Indictment, we refer to him as "Celso Acevedo-Colon."

2

*United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007). *Parkes*, which concluded that the interstate commerce element of the Hobbs Act must be decided by a jury, abrogated the presumption available at the time of Acevedo-Colon's guilty plea that a robbery involving any type of narcotics establishes the interstate commerce element necessary for Hobbs Act jurisdiction. *Id.* at 229-30.

Under Rule 11 of the Federal Rules of Criminal Procedure, "[b]efore entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Rule 11 does not require that the district court determine whether a jury would find the defendant guilty or that the defendant is guilty by a preponderance of the evidence, but only that the court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). In assessing whether the defendant's conduct satisfies the elements of the charged offense, "[t]he court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999). We review a challenge to the sufficiency of a guilty plea where the defendant raised no objection below for plain error. *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005). However, where "'the source of plain error is a supervening decision,' the government, not the defendant, bears the burden to demonstrate that the error . . . was harmless." *United States v. Henry*, 325 F.3d 93,

3

100 (2d Cir. 2003) (omission in original) (footnote omitted) (quoting *United States v. Outen*, 286 F.3d 622, 639 (2d Cir. 2002)).[2]

Here, we find no error, much less plain error. A conviction under the Hobbs Act requires that the defendant's actions "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Subsequent to *Parkes*, this Court has concluded that "[a] conspiracy that targets cocaine and heroin, and the proceeds from their sale, undoubtedly meets" the Hobbs Act's requirement of a de minimis effect on interstate commerce because "[t]hese narcotics cannot be produced in New York, and thus necessarily travel in interstate commerce." *Needham*, 604 F.3d at 680. Defendant concedes that this is the case, but he argues that the record does not establish what type of narcotic was involved in the instant case; marijuana or LSD, for example, would not "undoubtedly" satisfy the Hobbs Act's interstate commerce element. However, contrary to Acevedo-Colon's assertion, the record of the allocution makes clear that Acevedo-Colon, in response to the court's question, admitted that cocaine was the object of the Hobbs Act robbery. Acevedo-Colon's admission at allocution is thus fatal to his appeal. We hereby conclude that, despite this Court's abrogation of the aforementioned presumption in *Parkes*, the district court complied with Rule 11's requirement that "the district court satisfy itself regarding the factual basis for [Acevedo-Colon's] guilty plea," *Andrades*, 169 F.3d at 136.

---

[2] The Government urges this Court to find that this "modified plain error" standard has been abrogated by the Supreme Court's decision in *Johnson v. United States*, 520 U.S. 461 (1997). However, like other panels, we need not address this issue because under either approach, we would reach the same conclusion. *See, e.g.*, *United States v. Needham*, 604 F.3d 673, 678 (2d Cir. 2010) (declining to resolve the issue).

We have considered Acevedo-Colon's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK